Donald K. McLean, AKSB No. 0403006
BAUER MOYNIHAN & JOHNSON LLP
2101 4TH Avenue - 24th Floor
Seattle, Washington 98121
Telephone: (206) 443-3400
Facsimile: (206) 448-9076

Attorneys for Pool Engineering, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| POOL ENGINEERING, INC., an Alaska corporation, <br><br> Plaintiff, <br><br> v. <br><br> SWALLING CONSTRUCTION COMPANY, INC., an Alaska corporation, <br><br> Defendant. | IN ADMIRALTY <br><br> NO. 3:16-cv-00029-TMB <br><br> COMPLAINT |

Now comes the Plaintiff, Pool Engineering, Inc. ("Pool") and for its *Complaint*, states and alleges as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1.1 This is an action within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. §1333. To the extent that any other basis of subject matter jurisdiction in this Court could be alleged, Pool elects to designate this lawsuit as an admiralty claim under Fed.R.Civ.P. 9(h).

1.2 At all pertinent times, plaintiff Pool was, and still is, a corporation organized and existing under the laws of the State of Alaska with its principal place of business in Ketchikan, Alaska.

1.3 At all pertinent times, upon information and belief, defendant Swalling Construction Company, Inc. ("Swalling") was, and still is, a corporation existing under the laws of the State of Alaska with its principal place of business in Anchorage, Alaska.

1.4     Venue is proper in the District of Alaska pursuant to the venue provisions stated in the governing bareboat charter and those venue rules governing admiralty actions.

## II. FACTS

2.1     The SBB-V (the "Barge") is a 210-foot long and 72-foot wide barge owned by Pool.

2.2     On or about May 1, 2014, Pool and Swalling entered into a bareboat charter agreement (the "Agreement"), a true and correct copy of which is attached hereto as <u>Exhibit A</u>.

2.3     Under the Agreement, Pool chartered the Barge to Swalling for a minimum period of sixty (60) days. Swalling paid Pool the sum of $100,000 for the charter of the Barge but owes an additional $8,000 for hire for the minimum guaranteed charter period.

2.4     Under the Agreement, Swalling agreed to redeliver the Barge "in the same good condition, repair and working order as upon delivery."

2.5     Under the Agreement, "redelivery" is deemed not to have occurred until Swalling "restored [the Barge] to the same good condition, repair and working order, less ordinary wear and tear, as upon delivery[.]" Under the Agreement, "[charter] hire under this agreement shall continue to accrue until such redelivery has been accomplished."

2.6     Under the Agreement, should Swalling "fail to make any repairs/restorations necessary to accomplish redelivery," Pool has the option to "arrange for the necessary repairs/restorations itself, with Charterer to reimburse Owner for the costs of such plus a ten percent (10%) surcharge upon such costs and upon hire accruing during the period required to complete such repairs/restorations and to accomplish redelivery of the Vessel in the same good condition, repair and working order, less ordinary wear and tear, as upon delivery;" or "value the repairs/restorations itself and Invoice Charterer for the costs thereof plus a ten percent (10%) surcharge upon such costs

ATTORNEYS AT LAW
BAUER
MOYNIHAN
& JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA  98121
(206) 443-3400
FAX (206) 448-9076

and upon hire which would have accrued during the period required to complete such repairs/restorations and to accomplish redelivery of the Vessel in the same good condition, repair and working order, less ordinary wear and tear, as upon delivery."

2.7     Under the Agreement, Swalling further agreed to "indemnify and hold harmless (including legal fees and costs) [Pool] and the [Barge] of and from all loss, damage… related to the [Barge] and/or its use or operation during the charter term or otherwise as a result of this [Agreement.]"

2.8     Under the Agreement, the parties agreed to utilize the services of Jeff Slesinger to perform both "On-Hire" and "Off-Hire" surveys of the Barge.  The purpose of these surveys was to establish "conclusive[ly] between the parties… the condition of the [Barge] at delivery" and to establish conclusively Swalling's "obligation to redeliver the [Barge] to [Pool] in the same good condition, repair and working order as upon delivery to determine damage to the barge during the charter period[.]"

2.9     Slesinger performed the "On-Hire" survey on or about June 11-12, 2014 and the "Off-Hire" survey on or about July 30, 2014.

2.10    In the "Off-Hire" survey, Slesinger noted a number of instances of damage to the Barge that went beyond "ordinary wear and tear" not present during the "On-Hire" survey.

2.11    Swalling was informed the Off-Hire survey would occur but elected not to participate.  Promptly following completion of the Off-Hire survey, Swalling was provided with a copy of Slesinger's Off-Hire survey report identifying with particularity damage which had been done to the Barge during the course of the Agreement.  The Agreement required Swalling to repair those damages promptly, Pool followed up with Swalling requesting that repairs be undertaken and Pool reasonably relied upon Swalling fulfilling its obligations under the Agreement.  The Barge remained at the facility where the On-Hire and Off-Hire surveys had occurred awaiting action by Swalling.  On or about

COMPLAINT
Case Number: 3:16-cv-00029-TMB
Page 3 of 7

ATTORNEYS AT LAW
BAUER
MOYNIHAN
& JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

November 12, 2015, following repeated requests for action from Pool, Mike Swalling came to Seattle to personally inspect the damages to the Barge. Following such inspection Swalling acknowledged both the damages and the need for repair but did not itself undertake the arrangements necessary to repair the Barge. Despite repeated inquiries and requests from Pool, Swalling failed and/or refused to undertake the repairs required to take the Barge back to its condition at the time of the On-Hire survey. Hire for the Barge continued to accrue up to and through the point at which Mike Swalling came to Seattle to personally inspect the damages, and for a reasonable period of time thereafter awaiting action by Swalling until Pool was forced to undertake and effect the repairs itself. Swalling is liable for moorage charges during such interim period, as well as all additional insurance and other expenses relative to the Barge incurred while Pool was awaiting action by Swalling.

2.11 Repairs to the Barge took place during the summer of 2015 in accord with the "Off-Hire" survey of Slesinger, as well as with input from the American Bureau of Shipping, the United States Coast Guard, and surveyor Dick Blomquist. These repairs were carried out at Alaska Ship & Dry Dock (operated by Vigor Alaska, LLC). Total costs associated with those repairs were $187,498.00. There was an additional charge for Jeff Slesinger to attend and oversee the repairs in the sum of $5,110.03, as well as a charge for American Bureau of Shipping attendance at the repairs in the sum of $1,238.00. Pool was also required to have a representative on-site to attend the Barge during repairs at a cost of $500.00 per day for twenty (20) days at a cost of $10,000.00.

2.12 Pool has made demands for payment for repairs to the Barge to Swalling, but Swalling has not responded and/or has rejected Pool's demands for payment.

2.13 Swalling also has not paid any charter hire covering the necessary period of repair.

ATTORNEYS AT LAW
BAUER
MOYNIHAN
& JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

COMPLAINT
Case Number: 3:16-cv-00029-TMB
Page 4 of 7

## III.  FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

3.1     Pool hereby incorporates the above-stated allegations.

3.2     Swalling breached the Agreement in the multiple respects, including those identified above.  Among other breaches of the Agreement, Swalling failed to effect repairs of the damages to the Barge occurring during the period from the On-Hire survey until the final off-hire survey, as identified in the Off-Hire survey report.

3.3     Swalling breached the Agreement by failing to pay charter hire as called for in the Agreement.  The charter period was for a minimum of sixty (60) days but Swalling paid only $100,000 rather than the minimum required hire of $108,000, leaving a balance due of $8,000.  Additionally, Swalling owes hire from August 7, 2014, the end of the sixty (60) day minimum guaranteed period, through November 12, 2014, the date on which Swalling personally inspected the Barge damage and acknowledged responsibility, in the sum of $174,600 (97 days at $1,800/per day).  Further, Swalling owes hire from November 13, 2014 for an additional sixty (60) days for the time reasonably required to locate a shipyard and arrange for repairs, $108,000, and for twenty (20) days required to effect repairs, $36,000.  The total owed for hire is $326,600 plus interest at the rate of 1% per month.  Further Swalling owes moorage hire in the sum of $17,700 and insurance costs in the sum of $5,163.09, plus interest at 1% per month.

3.4     Swalling's breach of the Agreement also has damaged Pool in an amount to be determined at trial, but not less than $187,498.00 in repair costs, survey fees in the sum of $5,110.03, ABS fees in the sum of $1,238, on-site representation on behalf of Pool at a cost of $10,000.00, plus a 10% surcharge on such costs, plus interest accruing at 1% per month under the terms of the Agreement.

ATTORNEYS AT LAW
BAUER
MOYNIHAN
& JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA  98121
(206) 443-3400
FAX (206) 448-9076

COMPLAINT
Case Number: 3:16-cv-00029-TMB
Page 5 of 7

## IV. SECOND CAUSE OF ACTION
## ATTORNEYS' FEES

4.1 Pool hereby incorporates the above-stated allegations.

4.2 Section 6 of the Agreement requires Swalling to "indemnify and hold harmless (including legal fees and costs) [Pool] and the [Barge] of and from all loss, damage… related to the [Barge] and/or its use or operation during the charter term or otherwise as a result of this [Agreement.]"

4.3 Section 18 of the Agreement provides that the prevailing party to a dispute arising out of the Agreement is entitled to recover its reasonable costs, including legal costs and fees.

4.4 Pool is entitled to said remedies as a party to the Agreement, including its legal fees and costs.

//

//

//

//

//

//

//

//

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

COMPLAINT
Case Number: 3:16-cv-00029-TMB
Page 6 of 7

Case 3:16-cv-00029-TMB   Document 1   Filed 01/28/16   Page 6 of 7

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays:

1. That the Court award judgment in favor of plaintiff against defendant on plaintiff's causes of action, in an amount to be proven at trial, but not less than $187,498.00 in repair costs, survey fees in the sum of $5,110.03, ABS fees in the sum of $1,238, on-site representation on behalf of Pool during repairs at a cost of $10,000, plus a 10% surcharge on such costs, plus charter hire at a rate of $1,800 per day, in the total sum of $326,000 and additional expenses in the sum of $22,863.09, plus interest accruing at 1% per month under the terms of the Agreement.

2. That the Court award judgment in favor of plaintiff against defendant for all fees and costs, including attorneys' fees, called for under the Agreement and allowed by applicable law;

3. That plaintiff be awarded pre-judgment and post-judgment interest at 1% per month, as well as costs; and

4. For such other and further relief as the court deems just and proper.

DATED this Thursday, January 28, 2016.

BAUER MOYNIHAN & JOHNSON LLP

/s/ Donald K. McLean
Donald K. McLean, AKSB No. 0403006
Attorneys for Plaintiff Pool Engineers, Inc.
2101 Fourth Avenue, Suite 2400
Seattle, WA 98121-2320
Phone: (206) 443-3400
Fax: (206) 448-9076
Email: dkmclean@bmjlaw.com

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076